Firm I.D. No. 13681

7095.132

SAH/NW

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

CARMEL PRENDERGAST,

               Plaintiff,

        v.

KOHL'S DEPARTMENT STORES, INC.

               Defendant.

07CV 6749
JUDGE  HART
MAGISTRATE JUDGE NOLAN

## NOTICE OF REMOVAL

TO:    Clerk of the United States District Court
        Northern District of Illinois
        Eastern Division

        Clerk of the Circuit Court
        Cook County, Illinois
        County Department, Law Division

        James R. Pitticora
        Elizabeth S. Stevens
        Pittacora & Crotty, LLC
        9550 W. Bormet Dr., Ste. 205
        Mokena, Illinois  60448
        *Plaintiff's Counsel*

**FILED**

NOV 3 0 2007

Nov 3 0 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

      Defendant, Kohl's Department Stores, Inc., by and through its attorneys, SEGAL

McCAMBRIDGE SINGER & MAHONEY, LTD., hereby provides this Notice of Removal of

this action to the U.S. District Court for the Northern District of Illinois, Eastern Division, from

the Circuit Court of Cook County, County Department, Law Division, based upon diversity of

citizenship, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, with full reservation of any and all

defenses and objections. The specific grounds for removal are as follows:

      1.      On July 9, 2007, Plaintiff, Carmel Prendergast, an Illinois resident, commenced

this personal injury action in the Circuit Court of Cook County, County Department, Law

Division, entitled *Carmel Prendergast v. Kohl's Department Stores, Inc.*, Case No. 07 L 007055.

(See Plaintiff's Summons and Complaint, attached as Exhibit A.)  This personal injury action

alleges that Plaintiff Carmel Prendergast fell on a rough, patched section of cement in front of

the Kohl's store located at 3 Orland Park Place, Orland Park, Cook County, Illinois, thereby

injuring herself.

2.    Defendant, Kohl's Department Stores, Inc. was served with a copy of the

Summons and Complaint on July 26, 2007, however Plaintiff's Complaint was not removable on

its face.

3.    Upon receipt of Plaintiff's Complaint, on August 6, 2007, Defendant served

Interrogatories, Request for Production, and a Request to Admit Facts upon Plaintiff.    The

Request to Admit Facts asked that Plaintiff admit the following: (1) Plaintiff is seeking damages

in an amount greater than $75,000.00, exclusive of interest or costs; and (2) The amount in

controversy exceeds the sum or value of $75,000.00, exclusive of interest or costs.  By way of

Response, on September 5, 2007, Plaintiff objected to Defendant's Request to Admit Facts, and

claimed to be without knowledge to respond.  (See Plaintiff's Response to Request to Admit

Facts, attached as Exhibit B). Defendant, Kohl's Department Stores, Inc. served its Answer and

Affirmative Defenses on August 21, 2007.  See Defendant's Answer and Affirmative Defenses,

attached as Exhibit C).

4.    On November 1, 2007, Plaintiff served its Answers to Interrogatories, which

introduced "new facts" into the record which gave notice to Defendant that this case is

removable.  (See Plaintiff's Answers to Interrogatories, attached as Exhibit D).  Plaintiff's

interrogatory responses represent that as a result of the incident complained of in Plaintiff's

Complaint, Plaintiff has suffered and continues to suffer injuries to her back (specifically,

sacrum and lumbar spine causing pain), left leg pain, left shoulder pain, left knee pain, and left hip (blood clot at point of impact).    (See Exhibit D, Response to Interrogatory No. 4.) Additionally, Plaintiff's interrogatory responses provide that she has sought treatment for her injuries from fourteen (14) different medical providers, including: Orland Park Paramedics, Palos Community Hospital, Palos Heights Paramedics, Palos Community Hospital, Christ Women's Center, Rush University Pain/SurgiCenter, Advocate High Tech Medical Emergency Center, Southwest Obstetrics & Gynecology, Ltd., Dr. Klompein, Midwest Eye Professionals, South Chicago Orthopedics, and Illinois Heart and Vascular.    (See Exhibit D, Response to Interrogatory No. 5.)    Further, Plaintiff claims to be unable to serve as caregiver for her son and that her overall ability to function has been jeopardized.    (See Exhibit D, Response to Interrogatory Nos. 6-7.)    Finally, Plaintiff also claims that over the past two years since the occurrence, she has experienced constant pain in her left knee and left side of her back, and has also had reoccurring headaches.  (See Exhibit D, Response to Interrogatory No. 10.)

5.    Although Kohl's Department Stores, Inc. denies that Plaintiff is entitled to any relief whatsoever, Defendant believes, in good faith, that the amount in controversy exceeds seventy-five thousand dollars ($75,000).    (See Affidavit of Nancy Woodworth, attached as Exhibit E.)    Further, Plaintiff's counsel James R. Pittacora submitted an Affidavit stating damages exceed $50,000. (See Affidavit of Attorney James R. Pittacora, attached as Exhibit F.)

6.    Removal is timely pursuant to U.S.C. § 1446(b), in that this Notice is being filed within thirty (30) days after receipt by the defendant of a copy of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."    Plaintiff served its Answers to Interrogatories on November 1, 2007. Plaintiff's Answers to Interrogatories constitute "other paper" under 28 U.S.C. § 1446(b)

necessary to give notice that a state court action has become removable. See *Smith v. Int'l Harvester Co.*, 621 F.Supp. 1005, 1007 (D. Nev. 1985); see also *Roberson v. Orkin Exterminating Co., Inc.*, 770 F.Supp. 1324, 1328 (N.D. Ind. 1991). As outlined above, Plaintiff's Answers introduced "new facts" into the record which gave notice that this case is removable.

7.     This Notice of Removal is brought pursuant to 28 U.S.C. § 1441 and § 1446. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 on the basis that there is complete diversity of citizenship between the parties and the amount in controversy is in excess of seventy-five thousand dollars ($75,000) exclusive of costs and interest.

8.     Defendant, Kohl's Department Stores, Inc., was a Delaware Corporation with its principal place of business in Wisconsin at the time of the incident complained of and at the time the Complaint was filed. (See Wisconsin Secretary of State Incorporation Documentation, attached as Exhibit G.) According to Plaintiff's Interrogatory Answers, Plaintiff Carmel Prendergast currently resides at 12601 S. Meade Avenue, Palos Heights, IL, and also resided there at the time of the incident alleged in her Complaint (November 15, 2005) and at the time of the filing of her Complaint (July 9, 2007). (See Plaintiff's Answers to Interrogatories, attached as Exhibit D.) Thus, Plaintiff is believed to have been a citizen and resident of the State of Illinois at all relevant time. As a result, there is complete diversity of citizenship between the parties under 28 U.S.C. § 1332.

9.     The underlying state court action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441 because the amount in controversy exceeds the sum or value of seventy-five thousand ($75,000) exclusive of costs and interest and there is complete diversity between Plaintiff and Defendant.

10.    Pursuant to 28 U.S.C. § 1446(a), copies of the process and pleadings served upon Defendant are attached hereto. (See Exhibit A.)

11.    Defendant, Kohl's Department Stores, Inc. has issued written notice of the filing of this Notice of Removal to all attorneys of record and the Clerk of the Circuit Court of Cook County, County Department, Law Division. (See Notice of Filing, attached as Exhibit H.)

WHEREFORE, Defendant, Kohl's Department Stores, Inc., respectfully give notice that the above action, now pending against them in the Circuit Court of Cook County, County Department, Law Division, is removed to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully Submitted,

SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD.

By:    _Nancy S. Woodworth_
One of the Attorneys for Defendant,
KOHL'S DEPARTMENT STORES, INC.

Steven A. Hart, Esq.
Nancy S. Woodworth, Esq.
Segal McCambridge Singer & Mahoney, Ltd.
Sears Tower, Suite 5500, 233 S. Wacker Drive
Chicago, IL 60606
(312) 645-7800
(312) 645-7711 [Fax]

883358_1

## CERTIFICATE OF SERVICE

I, Nancy Woodworth, certify that I served the foregoing **Notice of Removal** upon the counsel of record listed below, via regular U.S. Mail, proper postage pre-paid, from the offices of Segal McCambridge Singer & Mahoney, Ltd., Sears Tower, Suite 5500, 233 S. Wacker Drive, Chicago, IL 60606, this **30th** day of **November, 2007**.

> James R. Pitticora
> Elizabeth S. Stevens
> Pittacora & Crotty, LLC
> 9550 W. Bormet Dr., Ste. 205
> Mokena, Illinois 60448
> *(Plaintiff's Counsel)*

Nancy S. Woodworth, Esq.

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth are true and correct

Nancy S. Woodworth, Esq.
Segal McCambridge Singer & Mahoney, Ltd.
Sears Tower, Suite 5500, 233 S. Wacker Drive
Chicago, IL 60606
(312) 645-7800
(312) 645-7711 [Fax]

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
07/26/2007
Log Number 512437756

*7-30-07*
*DB*

**TO:** Steven Thomas, VP, Asst. General Counsel
Kohl's Department Stores, Inc.
N56 W17000 Ridgewood Drive
Menomonee Falls, WI, 53051-

**RE:** **Process Served in Illinois**

**FOR:** Kohl's Department Stores, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Carmel Prendergast, Pltf. vs. Kohl's Department Stores, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons (2 sets), Civil Action Sheet (2 sets), Complaint (2 sets), Affidavit(s) (2 sets) |
| **COURT/AGENCY:** | Cook County Circuit Court - Cook County Department - Law Division, IL<br>Case # 2007L007055 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 11/17/2005 - 3 Orland Park Place, Orland Park IL |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/28/2007 at 11:00 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | Elizabeth S. Stevens<br>Pittacora & Crotty, LLC<br>9550 West Bormet Drive<br>Suite 205<br>Mokena, IL, 60448<br>708-390-2800 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 790300484904 |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:** | C T Corporation System<br>Tawana Carter<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL, 60604 |
| **TELEPHONE:** | 312-345-4336 |

Page 1 of 1 / LV

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action. Signatures on certified mail receipts
confirm receipt of the package only, not of its contents.

**EXHIBIT**

*A*

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 (          ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, ___LAW___ DIVISION

(Name all parties)

CARMEL PRENDERGAST

v.

KOHL'S DEPARTMENT STORES, INC.

2007L007055
CALENDAR/ROOM C
TIME 00:00
PI Other

No. _____

c/o CT Corporation System
208 S. LaSalle, Suite 814
Chicago, IL 60604

### SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room __801__ , Chicago, Illinois 60602

❑ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

❑ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

❑ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

❑ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

❑ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

❑ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

JUL    2007

Atty. No.: 41533

Name: Pittacora & Crotty, LLC

Atty. for: Plaintiff

Address: 9550 W. Bormet Drive, Suite 205

City/State/Zip: Mokena, IL 60448

Telephone: (708) 390-2800

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____, _____

_____
Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

(Area Code)    (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

2120 - Served - Served
2220 - Not Served
2320 - Served By Mail
2420 - Served By Publication
**SUMMONS**

2121 - Served
2221 - Not Served
2321 - Served By Mail
2421 - Served By Publication
**ALIAS - SUMMONS**

CCG N001-10M-1-07-05 ( )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, _____LAW_____ **DIVISION**

(Name all parties)

CARMEL PRENDERGAST

v.

KOHL'S DEPARTMENT STORES, INC.

No. 2007L007055
CALENDAR/ROOM C
TIME 00:00
FI Other

c/o CT Corporation System
208 S. LaSalle, Suite 814
Chicago, IL 60604

**SUMMONS**

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room _801_ , Chicago, Illinois 60602

☐ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

☐ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

☐ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

☐ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 41533

Name: Pittacora & Crotty, LLC

Atty. for: Plaintiff

Address: 9550 W. Bormet Drive, Suite 205

City/State/Zip: Mokena, IL 60448

Telephone: (708) 390-2800

WITNESS, _____,

_____
Clerk of Court

Date of service: _____,
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____

(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Civil Action Cover Sheet

(Rev. 6/19/03) CCL 0520

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

CARMEL PRENDERGAST

v.

KOHL'S DEPARTMENT STORES, INC.

No.

2007L007055
CALENDAR/ROOM C
TIME 00:00
PI Other

### CIVIL ACTION COVER SHEET

    A Civil Action Cover Sheet shall be filed with the complaint in all civil actions. The information contained herein is for administrative purposes only and cannot be introduced into evidence. Please check the box in front of the appropriate general category and then check the subcategory thereunder, if applicable, which best characterizes your action.

Jury Demand ☑ Yes ☐ No

FILED
07 JUL -9 AM 11: 52
DOROTHY BROWN
CLERK OF CIRCUIT COURT
LAW DIVISION

(FILE STAMP)

☑ **PERSONAL INJURY/WRONGFUL DEATH**

- ☐ 027   Motor Vehicle
- ☐ 040   Medical Malpractice
- ☐ 047   Asbestos
- ☐ 048   Dram Shop
- ☐ 049   Product Liability
- ☐ 051   Construction Injuries
  (including Structural Work Act, Road
  Construction Injuries Act and negligence)
- ☐ 052   Railroad/FELA
- ☐ 053   Pediatric Lead Exposure
- ☑ 061   Other Personal Injury/Wrongful Death
- ☐ 063   Intentional Tort
- ☐ 064   Miscellaneous Statutory Action
  *(Please Specify Below**)*
- ☐ 065   Premises Liability
- ☐ 078   Fen-phen/Redux Litigation
- ☐ 199   Silicone Implant

☐ **062   PROPERTY DAMAGE**

☐ **066   LEGAL MALPRACTICE**

☐ **TAX & MISCELLANEOUS REMEDIES**

- ☐ 007   Confession of Judgment
- ☐ 008   Replevin
- ☐ 009   Tax
- ☐ 015   Condemnation
- ☐ 017   Detinue
- ☐ 029   Unemployment Compensation
- ☐ 036   Administrative Review Action
- ☐ 085   Petition to Register Foreign Judgment
- ☐ 099   All Other Extraordinary Remedies

☐ **COMMERCIAL LITIGATION**

- ☐ 002   Breach of Contract
- ☐ 070   Professional Malpractice
  (other than legal or medical)
- ☐ 071   Fraud
- ☐ 072   Consumer Fraud
- ☐ 073   Breach of Warranty
- ☐ 074   Statutory Action
  *(Please Specify Below**)*
- ☐ 075   Other Commercial Litigation
  *(Please Specify Below**)*
- ☐ 076   Retaliatory Discharge

☐ **077   LIBEL/SLANDER**

☐ **OTHER ACTIONS**

- ☐ 079   Petition for Qualified Orders
- ☐ 084   Petition to Issue Subpoena
- ☐ 100   Petition for Discovery

** _____

_____

By: _____
    (Attorney)            (Pro Se)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

CARMEL PRENDERGAST,            )
                              )
                  Plaintiff,   )
                              )
          v.                   ) No.
                              )
KOHL'S DEPARTMENT STORES,)
INC.                          )
                              )
                  Defendant.   )

## COMPLAINT

NOW COMES the Plaintiff, CARMEL PRENDERGAST, by her attorneys, PITTACORA & CROTTY, LLC, and complaining of the Defendant, KOHL'S DEPARTMENT STORES, INC., states as follows:

### PARTIES

1.    Plaintiff, Carmel Prendergast ("Prendergast") is an individual and resident of Palos Heights, Cook County, Illinois.

2.    Defendant, Kohl's Department Stores, Inc. ("Kohl's"), is a Delaware corporation that operates several retail stores in the Chicagoland area. On or about November 17, 2005, on information and belief, Kohl's owned, operated and controlled a Kohl's Department Store located at 3 Orland Park Place, Orland Park, Cook County, Illinois (hereinafter referred to as the "Store").

### JURISDICTION AND VENUE

3.    This complaint seeks damages for injuries occurring on the property located at 3 Orland Park Place, Orland Park, Cook County, Illinois. Jurisdiction and venue are proper in this Court in that the Defendant does business in Cook County, and

all of the acts complained of herein occurred in Cook County. Further, the amount sought is in excess of $30,000.00.

### COUNT I

4.      On or about November 17, 2005, Prendergast was a pedestrian and business invitee at the Store.

5.      On or about November 17, 2005, Prendergast exited her vehicle and attempted to walk on the sidewalk directly appurtenant to the Store

6.      While approaching the Store, Prendergast fell on a rough, patched section of cement in front of the Store.

7.      At that time and at all times mentioned herein, Kohl's was under a duty to use ordinary care to maintain its property, and specifically the sidewalk in front of the Store, in a reasonably safe and secure condition for the lawfully intended use thereof by all persons.

8.      That Kohl's, disregarding said duty, engaged in one or more of the following wrongful acts or omissions:

    a.      Carelessly, negligently and improperly failed to repair a rough, patched section of cement in the sidewalk in front of the Store, in violation of Orland Park Village Codes, §302.3 and Village Ord. 3320-12-6-99;

    b.      Carelessly, negligently and improperly failed to offer an alternative route to pedestrians encountering the rough, patched section of cement in the sidewalk in front of the Store;

    c.      Carelessly, negligently and improperly failed to warn pedestrians of the rough, patched section of cement in the sidewalk in front of the Store; and

    d.      Carelessly, negligently and improperly otherwise failed to maintain its premises, in violation of Orland Park Village Codes, §302.3 and Village Ord. 3320-12-6-99.

9.     As a direct and proximate result of the foregoing wrongful acts and omissions of Kohl's, Prendergast suffered severe and disabling physical injuries, disability, pain, suffering, and mental anguish; and was compelled to seek and obtain medical and hospital care and treatment and will in the future require additional medical care; incurred and will continue to incur in the future bills for medical and hospital care and attention, and was damaged and delayed in her usual course of affairs and occupation.

WHEREFORE, Plaintiff, CARMEL PRENDERGAST, requests judgment against the Defendant, KOHL'S DEPARTMENT STORES, INC., for an amount to be determined by a jury, and in any event in excess of $30,000 plus interest and costs, as well as award it any and all additional relief that this Court deems equitable and just.

Plaintiff demands trial by jury in this matter.

Date:   July 9, 2007

                                        Respectfully Submitted,

                                        Carmel Prendergast

                                        By_____
                                             One of her Attorneys

James R. Pittacora
Elizabeth S. Stevens
PITTACORA & CROTTY, LLC
9550 W. Bormet Drive, Suite 205
Mokena, Illinois 60448
(708) 390-2800
(708) 390-2801 – facsimile
Atty Id. 41533

**AFFIDAVIT OF ATTORNEY JAMES R. PITTACORA**
**PURSUANT TO SUPREME COURT RULE 222**

I, JAMES R. PITTACORA, pursuant to Section 1-109 of the Illinois Code of Civil Procedure, state that I am one of the attorneys for the Plaintiff, and based on my experience in handling personal injury matters, and my review of the facts of this case and the injuries involved, the value of this case exceeds the amount of $50,000.00.

PITTACORA & CROTTY
By: James R. Pittacora

SIGNED and SUBSCRIBED to
before me this __6th__ day of
July ___, 2007.

_____
Notary Public

"OFFICIAL SEAL"
Linda M. McCain
Notary Public, State of Illinois
My Commission Exp. 05/09/2010

James R. Pittacora
Elizabeth S. Stevens
PITTACORA & CROTTY, LLC
9550 W. Bormet Drive, Suite 205
Mokena, Illinois 60448
(708) 390-2800
(708) 390-2801 – facsimile
Atty Id. 41533

Civil Action Cover Sheet

(Rev. 6/19/03) CCL 0520

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

CARMEL PRENDERGAST

v.

KOHL'S DEPARTMENT STORES, INC.

No.

2007L007055
CALENDAR/ROOM C
TIME 00:00
PI Other

### CIVIL ACTION COVER SHEET

A Civil Action Cover Sheet shall be filed with the complaint in all civil actions. The information contained herein is for administrative purposes only and cannot be introduced into evidence. Please check the box in front of the appropriate general category and then check the subcategory thereunder, if applicable, which best characterizes your action.

Jury Demand ☑ Yes ☐ No

(FILE STAMP)

FILED
07 JUL -9 AM 11: 52
DOROTHY BROWN
CLERK OF CIRCUIT COURT
LAW DIVISION

☑ **PERSONAL INJURY/WRONGFUL DEATH**

- ☐ 027 Motor Vehicle
- ☐ 040 Medical Malpractice
- ☐ 047 Asbestos
- ☐ 048 Dram Shop
- ☐ 049 Product Liability
- ☐ 051 Construction Injuries
  (including Structural Work Act, Road
  Construction Injuries Act and negligence)
- ☐ 052 Railroad/FELA
- ☐ 053 Pediatric Lead Exposure
- ☑ 061 Other Personal Injury/Wrongful Death
- ☐ 063 Intentional Tort
- ☐ 064 Miscellaneous Statutory Action
  *(Please Specify Below**)*
- ☐ 065 Premises Liability
- ☐ 078 Fen-phen/Redux Litigation
- ☐ 199 Silicone Implant

☐ **062 PROPERTY DAMAGE**

☐ **066 LEGAL MALPRACTICE**

☐ **TAX & MISCELLANEOUS REMEDIES**

- ☐ 007 Confession of Judgment
- ☐ 008 Replevin
- ☐ 009 Tax
- ☐ 015 Condemnation
- ☐ 017 Detinue
- ☐ 029 Unemployment Compensation
- ☐ 036 Administrative Review Action
- ☐ 085 Petition to Register Foreign Judgment
- ☐ 099 All Other Extraordinary Remedies

☐ **COMMERCIAL LITIGATION**

- ☐ 002 Breach of Contract
- ☐ 070 Professional Malpractice
  (other than legal or medical)
- ☐ 071 Fraud
- ☐ 072 Consumer Fraud
- ☐ 073 Breach of Warranty
- ☐ 074 Statutory Action
  *(Please Specify Below**)*
- ☐ 075 Other Commercial Litigation
  *(Please Specify Below**)*
- ☐ 076 Retaliatory Discharge

☐ **077 LIBEL/SLANDER**

☐ **OTHER ACTIONS**

- ☐ 079 Petition for Qualified Orders
- ☐ 084 Petition to Issue Subpoena
- ☐ 100 Petition for Discovery

**

By: _____
(Attorney)          (Pro Se)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

CARMEL PRENDERGAST,       )
                          )
            Plaintiff,    )
                          )
      v.                  ) No.
                          )
KOHL'S DEPARTMENT STORES, )
INC.                      )
                          )
            Defendant.    )

## COMPLAINT

NOW COMES the Plaintiff, CARMEL PRENDERGAST, by her attorneys,

PITTACORA & CROTTY, LLC, and complaining of the Defendant, KOHL'S

DEPARTMENT STORES, INC., states as follows:

### PARTIES

1.      Plaintiff, Carmel Prendergast ("Prendergast") is an individual and resident

of Palos Heights, Cook County, Illinois.

2.      Defendant, Kohl's Department Stores, Inc. ("Kohl's"), is a Delaware

corporation that operates several retail stores in the Chicagoland area.  On or about

November 17, 2005, on information and belief, Kohl's owned, operated and controlled a

Kohl's Department Store located at 3 Orland Park Place, Orland Park, Cook County,

Illinois (hereinafter referred to as the "Store").

### JURISDICTION AND VENUE

3.      This complaint seeks damages for injuries occurring on the property

located at 3 Orland Park Place, Orland Park, Cook County, Illinois.  Jurisdiction and

venue are proper in this Court in that the Defendant does business in Cook County, and

all of the acts complained of herein occurred in Cook County. Further, the amount sought is in excess of $30,000.00.

## COUNT I

4.　　On or about November 17, 2005, Prendergast was a pedestrian and business invitee at the Store.

5.　　On or about November 17, 2005, Prendergast exited her vehicle and attempted to walk on the sidewalk directly appurtenant to the Store

6.　　While approaching the Store, Prendergast fell on a rough, patched section of cement in front of the Store.

7.　　At that time and at all times mentioned herein, Kohl's was under a duty to use ordinary care to maintain its property, and specifically the sidewalk in front of the Store, in a reasonably safe and secure condition for the lawfully intended use thereof by all persons.

8.　　That Kohl's, disregarding said duty, engaged in one or more of the following wrongful acts or omissions:

    a.　　Carelessly, negligently and improperly failed to repair a rough, patched section of cement in the sidewalk in front of the Store, in violation of Orland Park Village Codes, §302.3 and Village Ord. 3320-12-6-99;

    b.　　Carelessly, negligently and improperly failed to offer an alternative route to pedestrians encountering the rough, patched section of cement in the sidewalk in front of the Store;

    c.　　Carelessly, negligently and improperly failed to warn pedestrians of the rough, patched section of cement in the sidewalk in front of the Store; and

    d.　　Carelessly, negligently and improperly otherwise failed to maintain its premises, in violation of Orland Park Village Codes, §302.3 and Village Ord. 3320-12-6-99.

2

9.    As a direct and proximate result of the foregoing wrongful acts and omissions of Kohl's, Prendergast suffered severe and disabling physical injuries, disability, pain, suffering, and mental anguish; and was compelled to seek and obtain medical and hospital care and treatment and will in the future require additional medical care; incurred and will continue to incur in the future bills for medical and hospital care and attention, and was damaged and delayed in her usual course of affairs and occupation.

WHEREFORE, Plaintiff, CARMEL PRENDERGAST, requests judgment against the Defendant, KOHL'S DEPARTMENT STORES, INC., for an amount to be determined by a jury, and in any event in excess of $30,000 plus interest and costs, as well as award it any and all additional relief that this Court deems equitable and just.

Plaintiff demands trial by jury in this matter.

Date:   July 9, 2007

Respectfully Submitted,

Carmel Prendergast

By: _____
One of her Attorneys

James R. Pittacora
Elizabeth S. Stevens
PITTACORA & CROTTY, LLC
9550 W. Bormet Drive, Suite 205
Mokena, Illinois 60448
(708) 390-2800
(708) 390-2801 – facsimile
Atty Id. 41533

3

## AFFIDAVIT OF ATTORNEY JAMES R. PITTACORA
## PURSUANT TO SUPREME COURT RULE 222

I, JAMES R. PITTACORA, pursuant to Section 1-109 of the Illinois Code of

Civil Procedure, state that I am one of the attorneys for the Plaintiff, and based on my

experience in handling personal injury matters, and my review of the facts of this case

and the injuries involved, the value of this case exceeds the amount of $50,000.00.


PITTACORA & CROTTY
By:  James R. Pittacora


SIGNED and SUBSCRIBED to
before me this _6th_ day of
July ___, 2007.


_____
Notary Public

```
"OFFICIAL SEAL"
Linda M. McCain
Notary Public, State of Illinois
My Commission Exp. 05/09/2010
```


James R. Pittacora
Elizabeth S. Stevens
PITTACORA & CROTTY, LLC
9550 W. Bormet Drive, Suite 205
Mokena, Illinois 60448
(708) 390-2800
(708) 390-2801 – facsimile
Atty Id. 41533

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

CARMEL PRENDERGAST,                    )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )     No.    07 L 007055
                                       )
KOHL'S DEPARTMENT STORES, INC.         )
                                       )
            Defendant.                 )

### NOTICE OF FILING

TO:   Steven A. Hart, Esq.
      Nancy S. Woodworth, Esq.
      Segal McCambridge Singer & Mahoney, Ltd.
      Sears Tower – Suite 5500
      Chicago, IL 60606

      PLEASE TAKE NOTICE that on **September 5, 2007**, we filed with the Clerk of the Circuit Court, Cook County, Illinois, County Department, Chancery Division, **PLAINTIFF'S ANSWER TO DEFENDANT'S REQUEST TO ADMIT FACTS**, a true and correct copy of which is attached hereto.

                              PITTACORA & CROTTY, LLC

                              By: _____
                                  One of the Attorneys for Plaintiff

James R. Pittacora
Elizabeth S. Stevens
**PITTACORA & CROTTY, LLC**
9550 West Bormet Drive, Suite 205
Mokena, Illinois  60448
Telephone: (708) 390-2800
Fax: (708) 390-2801
Firm No. 41533



EXHIBIT
B

## CERTIFICATE OF SERVICE

I, Elizabeth S. Stevens, certify that I caused a copy of the attached, **PLAINTIFF'S ANSWER TO DEFENDANT'S REQUEST TO ADMIT FACTS,** to be served on the individuals listed above by enclosing the same in a duly sealed envelope bearing sufficient postage and depositing the same in the United States mail on **August 31, 2007,** to be delivered via First Class Mail and via facsimile.

PITTACORA & CROTTY, LLC

By: _____
One of the Attorneys for Plaintiff

James R. Pittacora
Elizabeth S. Stevens
**PITTACORA & CROTTY, LLC**
9550 West Bormet Drive
Suite 205
Mokena, Illinois  60448
Telephone: (708) 390-2800
Fax: (708) 390-2801
Firm No. 41533

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| CARMEL PRENDERGAST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 07 L 007055 |
| | ) |
| KOHL'S DEPARTMENT STORES, | ) |
| INC. | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S ANSWER TO DEFENDANT'S REQUEST TO ADMIT FACTS

Plaintiff, CARMEL PRENDERGAST, answers Defendant's Request to Admit Facts as follows:

1.     Plaintiff is seeking damages in an amount greater than $75,000.00, exclusive of interest or costs.

**RESPONSE:** Plaintiff objects to this Request to Admit as premature, as Plaintiff's injuries are ongoing and have yet to be fully determined. Further, Plaintiff objects to this Request to Admit in that it seeks information not properly within the scope of Requests to Admit. Plaintiff has demanded trial by jury, and damages are an issue for said jury to determine. As such, Plaintiff neither admits nor denies Request to Admit No. 1 as she is without knowledge at this time to respond to same.

2.     The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest or costs.

**RESPONSE:** Plaintiff objects to this Request to Admit as premature, as Plaintiff's injuries are ongoing and have yet to be fully determined. As such, Plaintiff neither admits nor denies Request to Admit No. 1 as she is without knowledge at this time to respond to same.

Date:   August 30, 2007

Respectfully Submitted,

Carmel Prendergast

*Carmel Prendergast*

James R. Pittacora
Elizabeth S. Stevens
PITTACORA & CROTTY, LLC
9550 W. Bormet Drive, Suite 205
Mokena, Illinois 60448
(708) 390-2800
(708) 390-2801 – facsimile
Atty Id. 41533

## VERIFICATION

Pursuant to the penalties of Section 1-109 of the Illinois Code of Civil Procedure, the undersigned, Carmel Prendergast, having been duly sworn, states under oath that he has reviewed the foregoing Plaintiff's Response to Defendant's Request to Admit Facts and that it is true and accurate.

_Carmel Prendergast_
Carmel Prendergast

Sworn to and subscribed before me
A Notary Public, this ____ day
of _August_ , 2007.

_Lisa M. Bant_
Notary Public

> OFFICIAL SEAL
> LISA M. BANT
> Notary Public - State of Illinois
> My Commission Expires Oct 30, 2010

3

Firm I.D. No. 13681                    7095.132                    SAH/NW/alh

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

CARMEL PRENDERGAST,                    )
                                       )
                    Plaintiff,         )
                                       )
        v.                             )    Court No.:    07 L 007055
                                       )
KOHL'S DEPARTMENT STORES, INC.         )
                                       )
                    Defendant.         )

### NOTICE OF FILING

TO:    James R. Pitticora, Elizabeth S. Stevens
       Pittacora & Crotty, LLC,  9550 W. Bormet Dr., Ste. 205,  Mokena, Illinois  60448

        PLEASE TAKE NOTICE that on the 21st day of **August, 2007**, we filed with the
Clerk of the Circuit Court of Cook County, Illinois, *DEFENDANT, KOHL'S DEPARTMENT
STORES, INC.'S Answer and Affirmative Defenses to Plaintiff's Complaint*, a copy of which
is attached hereto.

                    SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD.


            By:    *Nancy S. Woodworth*
                    One of the Attorneys for Defendants

Steven A. Hart, Esq.
Nancy S. Woodworth, Esq.
Segal McCambridge Singer & Mahoney, Ltd.
Sears Tower, Suite 5500, 233 S. Wacker Drive
Chicago, IL 60606
(312) 645-7800

### PROOF OF SERVICE BY MAIL

        I, the undersigned, being first duly sworn on oath, depose and state that a copy(ies) of the above-
mentioned pleading(s) was/were served on the party(ies) as above-addressed, by enclosing a copy(ies) of
the same in an envelope 21st day of **August, 2007**.

                            *Meghen Sears*
                    Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I
                    certify that the statements set forth are true and correct



**EXHIBIT**
C

Firm I.D. No. 13681                7095.132                          SAH/NW/alh

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

CARMEL PRENDERGAST,                )
                                   )
                 Plaintiff,        )
                                   )
        v.                         )        Court No.:    07 L 007055
                                   )
KOHL'S DEPARTMENT STORES, INC.     )
                                   )
                 Defendant.        )

## DEFENDANT, KOHL'S DEPARTMENT STORES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

**NOW COMES** Defendant, KOHL'S DEPARTMENT STORES, INC., by its attorneys,

SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD., and for its answer to Plaintiff's

Complaint, states as follows:

### PARTIES

1.      Plaintiff, Carmel Prendergast ("Prendergast") is an individual and resident of

Palos Heights, Cook County, Illinois

**ANSWER:**   **Defendant lacks sufficient knowledge to either admit or deny at this time the**

**allegations contained in Paragraph 1 of Plaintiff's Complaint at Law, and therefore denies**

**the same and demands strict proof thereof.**


2.      Defendant, Kohl's Department Stores, Inc. ("Kohl's"), is a Delaware corporation

that operates several retail stores in the Chicagoland area.  On or about November 17, 2005, on

information and belief, Kohl's owned, operated and controlled a Kohl's Department Store

located at 3 Orland Park Place, Orland Park, Cook County, Illinois (hereinafter referred to as the

2

"Store").

**ANSWER:**    Defendant admits that it is a Delaware corporation and that it operates several retails stores in the Chicagoland area.    In further answering, Defendant admits that it owned a Kohl's Department Store located at 3 Orland Park Place, Orland Park, Cook County, Illinois on or about November 17, 2005.

### JURISDICTION AND VENUE

3.    This complaint seeks damages for injuries occurring on the property located at 3 Orland Park Place, Orland Park, Cook County Illinois.  Jurisdiction and venue are proper in this Court in that the Defendant does business in Cook County, and all of the acts complained of herein occurred in Cook County.  Further, the amount sought is in excess of $30,000.

**ANSWER:**    Defendant admits that Plaintiff's complaint seeks damages for injuries that allegedly occurred at 3 Orland Park Place, Orland Park, Cook County Illinois.  Defendant lacks sufficient knowledge at this time to either admit or deny the remainder of the allegations contained in Paragraph 3 of Plaintiff's Complaint at Law, and therefore denies the same and demands strict proof thereof.

### COUNT I

4.    On or about November 17, 2005, Prendergast was a pedestrian and a business invitee at the Store.

**ANSWER:**    Defendant lacks sufficient knowledge to either admit or deny at this time the allegations contained in Paragraph 4 of Plaintiff's Complaint at Law, and therefore denies the same and demands strict proof thereof.

5.    On or about November 17, 2005, Prendergast exited her vehicle and attempted to walk on the sidewalk directly appurtenant to the Store.

**ANSWER:    Defendant lacks sufficient knowledge to either admit or deny at this time the allegations contained in Paragraph 5 of Plaintiff's Complaint at Law, and therefore denies the same and demands strict proof thereof.**

6.    While approaching the Store, Prendergast fell on a rough, patched section of cement in front of the Store.

**ANSWER:    Defendant lacks sufficient knowledge to either admit or deny at this time the allegations contained in Paragraph 6 of Plaintiff's Complaint at Law, and therefore denies the same and demands strict proof thereof.**

7.    At that time and at all times mentioned herein, Kohl's was under a duty to use ordinary care to maintain its property, and specifically the sidewalk in front of the Store, in a reasonably safe and secure condition for the lawfully intended use thereof by all persons.

**ANSWER:    Defendant admits only to those duties which may be imposed upon it by law, and specifically denies that it breached any duty that may be found to be owed to the Plaintiff.**

8.    That Kohl's, disregarding said duty, engaged in one or more of the following wrongful acts or omissions:

    a.    Carelessly, negligently and improperly failed to repair a rough, patched section of cement in the sidewalk in front of the Store, in violation of Orland Park Village

Codes, § 302.3 and Village Ord. 3320-12-6-99;

    b.    Carelessly, negligently and improperly failed to offer an alternative route to pedestrians encountering the rough, patched section of cement in the sidewalk in front of the Store;

    c.    Carelessly, negligently and improperly failed to warn pedestrians of the rough, patched section of cement in the sidewalk in front of the Store; and

    d.    Carelessly, negligently and improperly otherwise failed to maintain its premises, in violation of Orland Park Village Codes, § 302.3 and Village Ord. 3320-12-6-99.

**ANSWER:**    **This Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint at Law, including subparagraphs (a)-(d), inclusive, and specifically denies that it breached any duty to Plaintiff.**

## DEFENDANT'S AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### Plaintiff, CARMEL PRENDERGAST'S Contributory Negligence

NOW COMES Defendant, KOHL'S DEPARTMENT STORE, INC., by and through its attorneys, SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD., in the alternative and without prejudice to its denials in the answer set forth above, for its first affirmative defense states as follows:

    1.    That the present action arises from injuries allegedly sustained by Plaintiff which she claims were the result of an occurrence on November 17, 2005.

5

2.    That at the time and place complained of in Plaintiff's Complaint, Plaintiff, CARMEL PRENDERGAST, owed a general duty to look out for her own safety and otherwise act in a reasonably safe manner.

3.    That Plaintiff failed to exercise due care for her own safety and was then and there guilty of one or more of the following acts or omissions:

    (a)    Carelessly and negligently failed to keep a proper lookout where she was stepping and walking for her own safety; and

    (b)    Failed to avoid an open and obvious condition;

    (c)    Carelessly and negligently failed to observe an open an obvious condition.

4.    That one or more of the foregoing negligent acts and/or omissions proximately caused or contributed to the alleged damages claimed by Plaintiff in her Complaint.

5.    That to the extent that Plaintiff's fault is found to be greater than fifty-percent (50%) of the proximate cause of the injuries and damages alleged, Plaintiff is barred from recovering any damages against this Defendant pursuant to 735 ILCS § 5/2-1116 of the Illinois Code of Civil Procedure.

6.   That in the alternative, if it is determined that Plaintiff's own negligence or fault was less than 51% of the occurrence, this Defendant is entitled to a reduction in any award granted in proportion to the percentage of fault attributed to Plaintiff pursuant to 735 ILCS § 5/2-1116 of the Illinois Code of Civil Procedure.

Respectfully Submitted,

SEGAL MCCAMBRIDGE SINGER & MAHONEY, LTD.

By:   *Nancy Woodwoth*
One of the Attorneys for Defendant,
KOHL'S DEPARTMENT STORES, INC.

Steven A. Hart, Esq.
Nancy S. Woodworth, Esq.
SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD.
Sears Tower – Suite 5500
233 South Wacker Drive
Chicago, Illinois 60606
(312) 645-7800
(312) 645-7711 [Fax]

7

STATE OF ILLINOIS    )
                           ) SS
COUNTY OF COOK     )

## AFFIDAVIT OF INSUFFICIENT KNOWLEDGE

NANCY S. WOODWORTH, one of the attorneys for Defendant, KOHL'S DEPARTMENT STORES, INC., being under oath, hereby states pursuant to Illinois Code of Civil Procedure that the Defendant has no knowledge to form a belief as to the truth of the allegations contained in those paragraphs of the Answer to Plaintiff's Complaint answered by the Defendant as having want of knowledge as set forth in the Answer. I further state that the statements made in the foregoing Answer as to want of knowledge sufficient to form a belief are true and that as one of the attorneys of record for the Defendant I am duly authorized to make this affidavit on behalf of the Defendant.

_____
One of the Attorneys for Defendant,
KOHL'S DEPARTMENT STORES, INC.

SUBSCRIBED and SWORN to before me, on August 21st, 2007.

_____
NOTARY PUBLIC

OFFICIAL SEAL
MEGHAN SEARS
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 11-01-10

8

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

CARMEL PRENDERGAST,     )
                                 )
              Plaintiff,    )
                                 )
         v.            )  No.  07 L 007055
                                 )
KOHL'S DEPARTMENT STORES, )
INC.                          )
                               )
              Defendant.   )

## CERTIFICATE OF SERVICE

TO:  Nancy S. Woodworth
      Steven A. Hart
      Segal McCambridge Singer & Mahoney
      Sears Tower, Suite 5500
      Chicago, IL 60606

     I, Elizabeth S. Stevens, certify that I caused a copy of the attached, **PLAINTIFF'S ANSWERS TO INTERROGATORIES,** to be served on the individuals listed above by enclosing the same in a duly sealed envelope bearing sufficient postage and depositing the same in the United States mail at 9550 West Bormet Drive, Mokena, Illinois before the hour of 5:00 p.m. on the 1st day of November, 2007 to be delivered via First Class Mail.

                                 _____
                                 One of the Attorneys for Plaintiff

James R. Pittacora
Elizabeth S. Stevens
**PITTACORA & CROTTY, LLC**
9550 West Bormet Drive
Suite 205
Mokena, Illinois 60448
Telephone: (708) 390-2800
Fax: (708) 390-2801
Firm No. 41533



IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| CARMEL PRENDERGAST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  07 L 007055 |
| | ) | |
| KOHL'S DEPARTMENT STORES, | ) | |
| INC. | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWERS TO DEFENDANT'S INTERROGATORIES TO PLAINTIFF

Plaintiff, CARMEL PRENDERGAST ("Prendergast"), by and through her attorneys, Pittacora & Crotty, LLC, and pursuant to Illinois Supreme Court Rule 213, responds to Defendant, KOHL'S DEPARTMENT STORES, INC.'s ("Kohl's") Interrogatories to Plaintiff as follows:

### GENERAL OBJECTIONS

A.    Prendergast objects to the Interrogatories to the extent they exceed the permissible scope allowed by the Illinois Code of Civil Procedure and applicable Illinois Supreme Court Rules.

B.    Prendergast objects to the Interrogatories as they exceed the number allowed (30 including subparts) by Illinois Supreme Court Rule 213.

C.    Prendergast objects to the Interrogatories as unduly burdensome to the extent they request information already in Kohl's possession.

D.    Prendergast objects to the Interrogatories to the extent that they call for information protected from discovery by the attorney-client privilege, the attorney work product doctrine or other similar privilege or doctrine. Nothing contained in these responses is intended to be, nor should be construed as, a waiver of any privilege.

E.      Prendergast objects to the Interrogatories to the extent that they contain vague, ambiguous, undefined, or argumentative terms.

F.      Prendergast objects to the Interrogatories to the extent that they purport to require disclosure of information in the public domain, or any information not in Prendergast's actual possession, custody, or control.

G.      Prendergast objects to the Interrogatories to the extent that they call for the production of proprietary, confidential business information belonging to Prendergast. Prendergast, therefore, will not produce any confidential or proprietary information.

H.      Prendergast reserves the right to modify or amend any of the following responses in light of information developed or learned at a later date.

I.      Each of the foregoing General Objections is incorporated in each of the following specific responses and objections.

## INTERROGATORIES

1.      State your full name, date of birth, social security number, marital status, driver's license number, issuing state, and residential addresses for the past ten (10) years, including the dates for each address.

**ANSWER:**  Prendergast objects to this Interrogatory as overly broad, unduly burdensome and unlikely to lead to the discovery of admissible evidence. Notwithstanding this objection:

Carmel R. Prendergast, 12601 S. Meade Avenue, Palos Heights, IL 60463 (has lived in this residence for more than ten (10) years), IL Driver's License No. P653-1164-1684; SS#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, married to Robert E. Prendergast.

2.      State the full name, address and telephone number of each person who witnessed or claims to have witnessed the occurrence.

2

**ANSWER:**    Robert E. Prendergast (may be contacted through counsel for Plaintiff) witnessed the occurrence, as did Gerald Finnegan (phone number and address unknown), as well as various Kohl's employees, names and contact information unknown.

3.    State the full name, address and telephone number of each person not named in Interrogatory No. 2 above, who was present and/or claims to have been present, at the scene immediately before, at the time of, and/or immediately after the occurrence.

**ANSWER:**    See Plaintiff's answer to Interrogatory No. 2.

4.    Describe with particularity the personal injuries sustained by you as a result of the occurrence.

**ANSWER:**    Prendergast objects to this Interrogatory as seeking information more appropriately obtained through treating physicians.  Notwithstanding this objection, as a result of the incident giving rise to this action, Prendergast has suffered and continues to suffer injuries to her back (specifically, sacrum and lumbar spine causing pain), left leg pain, left shoulder pain, left knee pain, and left hip (blood clot at point of impact).

5.    With regard to your injuries, state:

(a)    The name and address of each attending physician and/or health care provider;

(b)    The name and address of each consulting physician and/or other health care provider;

(c)    The name and address of each person and/or laboratory taking any X-ray, MRI and/or other radiological tests of you;

(d)    The date or inclusive dates on which each of them rendered you service;

(e)    The amounts to date of their respective bills for service;

(f)    From which of them you have written reports.

**ANSWER:**    Prendergast objects to this Interrogatory as seeking information more appropriately obtained from treating physicians to Plaintiff.  Notwithstanding this objection, Plaintiff sought treatment for her injuries from the following medical providers:

1) 11/17/05: Orland Park Paramedics (transported Prendergast to ER)

3

2) 11/17/05: Palos Community Hospital (Dr. Goldberg on-call physician) ER

3) 11/17/05: Palos Heights Paramedics - called to transport Plaintiff to hospital from her home due to shortness of breath and chest pains

4) 11/17/05: Palos Community Hospital -- Associated Cardiovascular Physicians (ER)

5) 11/22/05 – 3/17/06: Christ Women's Center (Dr. Karen Will), 18210 S. LaGrange Road, Suite 200, Tinley Park, IL 60477

6) 11/25/05 - present: Dr. Asokumar Buvanendran, Rush University Pain/SurgiCenter, 1725 W. Harrison Street, Suite 550, Professional Building, Chicago, IL 60612

7) 11/28/05 – 12/6/05: Advocate High Tech Medical Emergency Center, 11800 Southwest Highway, Palos Heights, IL 60463

9) 1/21/06:Southwest Obstetrics & Gynecology, Ltd. (Dr. Pavese, Dr. Gulecyuz), 4225 W. 95th Street, Oak Lawn, IL 60453

10) 1/23/06: Dr. Klompein, referral from Southwest Obstetric to Suburban General Surgery, Ltd., Oak Lawn, IL 60453

11) 1/27/06: CT Scan, Christ Women's Center – referred from Suburban General Surgery, Ltd.

12) 3/2006: Dr. D. Opitz, Midwest Eye Professionals, 11824 SW Highway, Suite 210, Palos Heights, IL 60463

13) 6/5/06 – 9/11/06: Dr. Blair Rhode, South Chicago Orthopedics, 10830 Oakland Drive, Orland Park, IL 60467-9103

14) 9/18/07: Dr. Heather M. Longin, Illinois Heart and Vascular, 5151 W. 95th Street, Harris Bank Building, Oak Lawn, IL 60453

Plaintiff reserves the right to amend and/or supplement her answer to this Interrogatory as

investigation continues.

 6. As a result of your personal injuries, were you unable to work?  If so, state:

 (a) The name, address and telephone number of your employer, if any, at the time of the occurrence;

 (b) Your wage and/or salary at the time of the occurrence;

 (c) The name, address and telephone number of your supervisor and/or foreperson at the time of the occurrence;

(d)     The date or inclusive dates on which you were unable to work;

(e)     The amount of wage and/or income loss claimed by you; and

(f)     The name and address of your present employer and your wage and/or salary.

**ANSWER:**   Plaintiff was retired at the time of the occurrence, but the injuries did jeopardize Prendergast's ability to be the caregiver for her son.

7.     State any and all other expenses and/or losses you claim as a result of the occurrence. As to each expense and/or loss, state the date or dates it was incurred, the name of the person, firm and/or company to whom such amounts are owed, whether the expense and/or loss in question has been paid and, if so, by whom it was so paid, and describe the reason and/or purpose for each expense and/or loss.

**ANSWER:**   Prendergast has lost the ability to clean, cook, and care for her son.  She has needed others to come in and help with her son and to help clean.  Prendergast's overall ability to function has been jeopardized.

8.     Had you suffered any personal injury or prolonged, serious and/or chronic illness prior to the date of the occurrence?  If so, state when and how you were injured and/or ill, where you were injured and/or ill, describe the injuries and/or illness suffered, and state the name and address of each physician, or other health care professional, hospital and/or clinic rendering you treatment for each injury and/or chronic illness.

**ANSWER:**   Prendergast objects to this Interrogatory as overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence. Notwithstanding this objection, Prendergast suffered injuries to her neck resulting from a motor vehicle accident occurring in 1996, for which she received ongoing physical therapy for approximately one year, after which Plaintiff was pronounced recovered and obtained no further treatment.

9.     Are you claiming any psychiatric, psychological and/or emotional injuries as a result of this occurrence?  If so, state:

(a)     The name of any psychiatric, psychological and/or emotional injury claimed, and the name and address of each psychiatrist, physician, psychologist, therapist or other health care professional rendering you treatment for each injury;

(b)     Whether you had suffered any psychiatric, psychological and/or emotional

injury prior to the date of the occurrence; and

      (c)    If (b) is in the affirmative, please state when and the nature of any psychiatric, psychological, and/or emotional injury, and the name and address of each psychiatrist, physician, psychologist, therapist or other health care professional rendering you treatment for each injury.

**ANSWER:**  Prendergast has not sought treatment for any psychiatric, psychological and/or emotional injury resulting from this occurrence.

      10.    Have you suffered any personal injury or prolonged, serious and/or chronic illness since the date of the occurrence? If so, state when you were injured and/or ill, where and how you were injured and/or ill, describe the injuries and/or the illness suffered, and state the name and address of each physician or other health care professional, hospital and/or clinic rendering you treatment for each injury and/or chronic illness.

**ANSWER:**  Since the occurrence, Prendergast has experienced constant pain in her left knee and left side of her back. She has also had recurring headaches. Prendergast has not suffered any unrelated personal injury or prolonged, serious and/or chronic illness since the date of the occurrence.

      11.    Have you ever filed any other suits for your own personal injuries? If so, state the nature of the injuries claimed, the courts and the captions in which filed, the years filed, and the titles and docket numbers of the suits.

**ANSWER:**  Prendergast objects to this interrogatory as overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence. Notwithstanding this objection, Prendergast filed a case in the Circuit Court of Cook County in 1997 for personal injuries related to a motor vehicle accident, *Carmel Prendergast v. Edith Ruberry, et al.*, Case No. 1997 M6 00315.

      12.    Have you ever filed a claim for and/or received any workers' compensation benefits? If so, state the name and address of the employer against whom you filed for and/or received benefits, the date of the alleged accident or accidents, the description of the alleged accident or accidents, the nature of your injuries claimed and the name of the insurance company, if any, who paid any such benefits.

**ANSWER:**  Prendergast objects to this interrogatory as overly broad, unduly

burdensome, and not likely to lead to the discovery of admissible evidence. Notwithstanding this objection, Prendergast has never filed a claim for and/or received any workers' compensation benefits.

13.    Were any photographs, movies and/or videotapes taken of the scene of the occurrence or of the persons involved?  If so, state the date or dates on which such photographs, movies and/or videotapes were taken the subject thereof, who now has custody of them, and the name, address, occupation and employer of the persons taking them.

**ANSWER:**    Robert Prendergast, Plaintiff's husband, took photographs of the scene of the occurrence and of Plaintiff on November 17, 2005.  Please see documents produced in response to Defendant's Request for Production.

14.    With respect to each expert witness identified in Answer to Interrogatory No. 3, 4 and 6, identify all cases by name, court, case number and attorneys involved in which the expert witness was named as a defendant.

**ANSWER:**    Prendergast objects to this Interrogatory as premature.    Prendergast reserves the right to supplement her answer to this Interrogatory as discovery progresses in this case.

15.    For any document being withheld from production, based upon the claim of privilege, provide a log containing the name and last known address of the author of the document, as well as the date on which said document was prepared or finalized and brief description of the subject matter covered in the document and the exact basis of your claim that it is privilege.

**ANSWER:**    A privilege log will be provided for any document withheld on the basis of privilege in this matter.

16.    State each exhibit plaintiff intends to use at the time of trial.

**ANSWER:**    Prendergast objects to this Interrogatory as premature.    Prendergast reserves the right to supplement her answer to this Interrogatory as discovery progresses in this case.

## AFFIDAVIT OF ATTORNEY NANCY S. WOODWORTH
## IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL

I, Nancy S. Woodworth, first being duly sworn upon oath, depose and state as follows:

I am over the age of eighteen. I am one of the attorneys representing Defendant, Kohl's Department Stores, Inc., in the Circuit Court of Cook County, County Department, Law Division matter, entitled *Carmel Prendergast v. Kohl's Department Stores, Inc.*, Case No. 07 L 007055. I have personal knowledge of the following, and if called as a witness, would be competent to testify thereto:

1.    I have reviewed the file materials related to this case.

2.    This personal injury action alleges that Plaintiff Carmel Prendergast fell on a rough, patched section of cement in front of the Kohl's store located at 3 Orland Park Place, Orland Park, Cook County, Illinois, thereby injuring herself.

3.    This action alleges undetermined damages; personal injuries, the effects of which may allegedly be permanent and lasting; undetermined current and future hospital, doctor and medical expenses; pain and suffering; and loss of care, comfort, society and companionship.

4.    Plaintiff's interrogatory responses represent that as a result of the incident complained of in Plaintiff's Complaint, Plaintiff has suffered and continues to suffer injuries to her back (specifically, sacrum and lumbar spine causing pain), left leg pain, left shoulder pain, left knee pain, and left hip (blood clot at point of impact). (See Exhibit D, Response to Interrogatory No. 4.)

5.    Additionally, Plaintiff's interrogatory responses provide that she has sought treatment for her injuries from fourteen (14) different medical providers, including: Orland Park Paramedics, Palos Community Hospital, Palos Heights Paramedics, Palos Community Hospital, Christ Women's Center, Rush University Pain/SurgiCenter, Advocate High Tech Medical



EXHIBIT

Emergency Center, Southwest Obstetrics & Gynecology, Ltd., Dr. Klompein, Midwest Eye Professionals, South Chicago Orthopedics, and Illinois Heart and Vascular. (See Exhibit D, Response to Interrogatory No. 5.)

6. Further, Plaintiff claims to be unable to serve as caregiver for her son and that her overall ability to function has been jeopardized. (See Exhibit D, Response to Interrogatory Nos. 6-7.)

7. Finally, Plaintiff also claims that over the past two years since the occurrence, she has experienced constant pain in her left knee and left side of her back, and has also had reoccurring headaches. (See Exhibit D, Response to Interrogatory No. 10.)

8. Without conceding that Plaintiff is entitled to any damages whatsoever, it is my good faith belief that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

FURTHER AFFIAN SAYETH NOT.

Date: November 30, 2007

*Nancy S. Woodworth*

Nancy S. Woodworth

**SUBCRIBED** and **SWORN** to before me

this 30th day of November , 2007.

*Renee M Cobbs*

Notary Public

OFFICIAL SEAL
**RENEE M. COBBS**
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 11-1-2010

#885361

2

## AFFIDAVIT OF ATTORNEY JAMES R. PITTACORA
## PURSUANT TO SUPREME COURT RULE 222

    I, JAMES R. PITTACORA, pursuant to Section 1-109 of the Illinois Code of Civil Procedure, state that I am one of the attorneys for the Plaintiff, and based on my experience in handling personal injury matters, and my review of the facts of this case and the injuries involved, the value of this case exceeds the amount of $50,000.00.

 

PITTACORA & CROTTY
By: James R. Pittacora

SIGNED and SUBSCRIBED to
before me this ___6th___ day of
July ___, 2007.

_____
Notary Public

"OFFICIAL SEAL"
Linda M. McCain
Notary Public, State of Illinois
My Commission Exp. 05/09/2010

James R. Pittacora
Elizabeth S. Stevens
PITTACORA & CROTTY, LLC
9550 W. Bormet Drive, Suite 205
Mokena, Illinois 60448
(708) 390-2800
(708) 390-2801 – facsimile
Atty Id. 41533



EXHIBIT

F

4

## WISCONSIN SECRETARY OF STATE

### THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY

### CERTIFICATION CAN ONLY BE OBTAINED THROUGH THE ISSUING GOVERNMENT AGENCY

WISCONSIN SECRETARY OF STATE

**Company Name: KOHL'S DEPARTMENT STORES, INC.**

**Type:** FOREIGN CORPORATION

**Status:** INCORPORATED/QUALIFIED

**Status Date:** 8/15/1986

**Filing Date:** 8/15/1986

**State or Country of Incorporation:** DELAWARE

**Registered Agent:** C T CORPORATION SYSTEM

**Registered Office:**
  8025 EXCELSIOR DR SUITE 200
  MADISON, WI 53717

**Corporation Number:** K022260

**Annual Report:**
  Capital: $ 50,189,000,000

Source: <u>Public Records</u> > <u>People, Business & Asset Locators</u> > <u>Business Locator</u> > <u>Combined Business & Corporation Information</u> > **Combined Business and Corporation Information** [i]
Terms: **kohl's department stores, inc** (Edit Search)
View: Full
Date/Time: Thursday, May 6, 2004 - 2:17 PM EDT

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.


EXHIBIT
G

Firm I.D. No. 13681                        7095.132                         SAH/NW/rmc

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

CARMEL PRENDERGAST,                )
                                   )
                Plaintiff,         )
                                   )
v.                                 )          Court No.:    07 L 007055
                                   )
KOHL'S DEPARTMENT STORES, INC.     )
                                   )
                Defendant.         )

## NOTICE OF FILING

TO:  Clerk of the Circuit Court
     Cook County, Illinois                James R. Pitticora, Elizabeth S. Stevens
     County Department, Law Division      Pittacora & Crotty, LLC
     50 W. Washington                     9550 W. Bormet Dr., Ste. 205
     Chicago, IL 60602                    Mokena, Illinois 60448

        PLEASE TAKE NOTICE that on Friday, November 30, 2007, I filed with the Clerk of the Circuit Court of
Cook County, Illinois, Law Division a *Notice of Removal* in the above captioned matter, a true and correct copy of
which is attached hereto and served upon you.

                              Respectfully submitted,

                              SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD.

                              By:_____

                                   Attorneys for Defendant,
                                   KOHL'S DEPARTMENT STORES, INC.

Steven A. Hart
Nancy S. Woodworth
Segal McCambridge Singer & Mahoney, Ltd.
233 S. Wacker Drive, Suite 5500
Chicago, Illinois 60606
(312) 645-7800

## PROOF OF SERVICE

        I, RENEE COBBS, a non-attorney, depose and state that I served a copy of the foregoing **Notice of
Removal** thereof, upon the above-named party(ies) by placing the same in an envelope addressed aforesaid, with
proper postage prepaid, and depositing same into the U.S. mail chute located at Sears Tower, Chicago, Illinois
60606 at or before the hour of 5:00 p.m. on the 30th day of November, 2007.

                              _____

                              Under penalties as provided by law pursuant to ILL.REV. STAT.CHAP. 110
                              §1-109, I certify that statements set forth are true
                              and correct

**EXHIBIT**

H

Steven A. Hart, Esq.
Nancy S. Woodworth, Esq.
SEGAL, McCAMBRIDGE, SINGER & MAHONEY, LTD.
Sears Tower-Suite 5500
233 S. Wacker Drive
Chicago, Illinois 60606
(312) 645-7800