**EXHIBIT A**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| CARMEL PRENDERGAST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 07 L 007055 |
| | ) |
| KOHL'S DEPARTMENT STORES, | ) |
| INC. | ) |
| | ) |
| Defendant. | ) |

### CERTIFICATE OF SERVICE

TO:　Nancy S. Woodworth
　　　Steven A. Hart
　　　Segal McCambridge Singer & Mahoney
　　　Sears Tower, Suite 5500
　　　Chicago, IL 60606

　　　I, James R. Pittacora, certify that I caused a copy of the attached, **PLAINTIFF'S INTERROGATORIES AND REQUESTS TO PRODUCE TO DEFENDANT,** to be served on the individuals listed above by enclosing the same in a duly sealed envelope bearing sufficient postage and depositing the same in the United States mail at 9550 West Bormet Drive, Mokena, Illinois before the hour of 5:00 p.m. on the 13th day of November, 2007 to be delivered via First Class Mail.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　One of the Attorneys for Plaintiff

James R. Pittacora
Elizabeth S. Stevens
**PITTACORA & CROTTY, LLC**
9550 West Bormet Drive
Suite 205
Mokena, Illinois 60448
Telephone: (708) 390-2800
Fax: (708) 390-2801
Firm No. 41533

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| CARMEL PRENDERGAST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 07 L 007055 |
| | ) |
| KOHL'S DEPARTMENT STORES, | ) |
| INC. | ) |
| | ) |
| Defendant. | ) |

### INTERROGATORIES AND REQUESTS TO PRODUCE TO DEFENDANT

NOW COMES the Plaintiff, CARMEL PRENDERGAST, by and through her attorneys, PITTACORA & CROTTY, LLC, and submits to the Defendant, KOHL'S DEPARTMENTS STORES, INC., the following Interrogatories and Requests to Produce to be answered in writing and under oath within twenty-eight days of the receipt thereof:

### DEFINITIONS

In construing these requests, the following words, as well as other various forms of these words, unless otherwise indicated, shall have the following meanings:

A. The term "Defendant" shall refer to Kohl's Department Stores, Inc., acting individually or jointly with any person or entity, or as an agent, current or former employee, representative, trustee, or custodian of any person, enterprise, organization, association, or any other jural entity. All references to the "Defendant" shall be deemed to include each of its current or former custodians, assigns, agents, or representatives, as well as any person acting on its behalf in any capacity, including its attorneys, or any employee, agent, investigator or representative of its attorneys.

B. Any reference to "Plaintiff" shall refer to Carmel Prendergast, and shall incorporate by definition any agents or other person(s) acting on her behalf.

C. Any reference to the "Store" shall mean the Kohl's department store located at 3 Orland Park Place, Orland Park, Cook County, Illinois .

D. "Person" or "Persons" means a natural person or an entity, any business entity, corporation, partnership, joint venture, firm, trust, group, association, sole proprietorship, any other business entity or any federal, state or local government agency or governmental body.

E.  "Document" or "Documentation" means all written, recorded, and graphic material, however produced or reproduced, whether or not privileged, pertaining in any way to the subject matter of this action. This definition includes, but is not limited to, all originals, copies, and drafts of the following: records, notes, summaries, schedules, contracts, agreements, drawings, sketches, invoices, orders, acknowledgments, diaries, reports, memoranda of all conversations by or with any person, telephone messages, all other memoranda, letters, telegrams, telexes, and cables prepared, drafted, received or sent, tapes, transcripts, and recordings, photographs, pictures, and films, computer programs, E-mail, text messages, data stored on optical media (CD), magnetic disc, hard drive, flash drive, or in the memory of any computer or other handheld device, and all other graphic, symbolic, recorded, and written materials of any nature, whatsoever, and any other document and tangible item subject to discovery under Supreme Court Rule 214.

F.  "Concerning" means, but is not necessarily limited to: containing, referring to, relating to, comprising, constituting, connected with, about, regarding, mentioning, discussing, describing, referring to, reflecting upon, evidencing, discussing, describing, mentioning, summarizing or connecting in any way logically or factually to the matter described in the Interrogatory or Document Request.

G.  "Relate" and/or "Relating to" shall mean referring to, supporting, negating, reporting on or with respect to, showing or indicating knowledge of, mentioning or in any manner whatsoever referring to, either directly or indirectly, as necessary to bring within the scope of the interrogatory or document request all information which might otherwise be construed to be outside its scope.

H.  "Knowledge" means firsthand information acquired through the five senses and information, other than firsthand information, deriving from any source, including hearsay knowledge.

I.  "Statement" means any oral, written, court reported, recorded or other expression of opinion and any oral, written, court reported, recorded or other description of fact, which pertains to the occurrences alleged in the complaint or to the damages claimed to have resulted there from.

J.  "Communication" or "Communications" means all communications of any nature whatsoever, whether oral or in writing.

K.  To "Identify" a person, means to state with respect to each such person: (1) the individual's full name; (2) all other names by which he has ever been known; (3) his last known home and business addresses; and (4) his job positions and business affiliations, from the date of the occurrence alleged in the complaint to the present date.

L.  To "Identify" a corporation or other entity, means to state with respect to each such corporation or other entity: (1) the full name of the corporation and the principal

place of business; (2) the state of incorporation; (3) the date of incorporation; and (4) the chief executive officer thereof.

M.    To "Identify" a document or other written communication, means to state with respect to such document or other written communication: (1) the date of preparation of the document; (2) the date Plaintiff acquired the document, if applicable; (3) the author, title, and subject matter or nature; (4) the place of preparation, present location, and present custodian; and (5) each and every other person, who participated in or directed the preparation of the document, or received a copy of the document; stating whether responsive documents no longer within Plaintiff's access, possession, or control are not identical to the original or are missing, lost, destroyed, transferred or disposed of otherwise.

N.    To "Identify" a meeting means to state with respect to such meeting: (1) the date and place of the meeting; (2) the identity of each and every person present at the meeting; (3) the general description of the substance of the discussions and the decisions (if any) reached at, or as a result of, the meeting; and (4) the identity of each and every document concerning any of the subjects discussed or to be discussed at the meeting, including agendas.

O.    To "Identify" an oral conversation means to state with respect to such oral conversation: (1) the date and place of the conversation; (2) the identity of each and every person who participated in, or was present during the conversation; (3) a general description of the substance of the conversation; and (4) the identity of each and every document concerning the conversation.

P.    As used herein, the singular includes the plural, and the plural includes the singular; the masculine, feminine or neuter pronouns include each other; the disjunctive "or" and the conjunctive "and" include each other; and each of the functional words "each", "every", "any", and "all" shall include all of the other functional words, as necessary to bring within the scope of this request any documents that might otherwise be construed to be outside the scope.

## INSTRUCTIONS

A.    In responding to these requests, furnish all information in the possession of Defendant, its agents, employees, and any other persons acting on its behalf and not merely such matter as is in its own personal possession.

B.    These requests are to be deemed continuing. Defendant is requested to provide, by way of supplementary responses, such additional information and documentation as may hereafter be obtained by Defendant, or any person on Defendant's behalf, that will augment, supplement or otherwise modify the answers now given to the following requests.

C.     If any of these requests cannot be responded to in full, answer to the extent possible, specifying the reasons for Defendant's inabilities to answer to the remainder and stating what information they do have concerning the unanswered portion.

D.     In the event a document is not produced because it is not presently in your possession or control or because of a claim of privilege, identify the document by providing the following information: (1) approximate date; (2) type of document (e.g., letter, memorandum); (3) a general description of its subject matter; (4) identification of author and address, if applicable; (5) identification of all recipients; (6) present location and custodian; and (7) any other description necessary to enable the custodian to locate the particular document.

E.     Unless otherwise noted, the relevant period of time encompassed by this request for documents shall be from January 2005 until the present.

## INTERROGATORIES

1.     Please identify all persons who are responsible for, or participated in, the preparation of the answers to these Interrogatories. For each person identified, provided that person's title, affiliation with Defendant, business address and business telephone number.

**ANSWER:**




2.     State the full name, address and phone number of each person who witnessed or claims to have witnessed the occurrence alleged in Plaintiffs' complaint.

**ANSWER:**




3.     State the full name, address and phone number of each person not named in #2 above, who was present or claims to have been present at the scene immediately before, at the time of or immediately after said occurrence.

**ANSWER:**




4.     Furnish the identities and addresses of witnesses who will testify at trial.

**ANSWER:**

4

5.      For each lay witness as defined by Supreme Court Rule 213(f)(2) disclosed above, identify the subjects on which the witness will testify.

**ANSWER:**

6.      For each independent expert witness as defined by Supreme Court Rule 213(f)(2) disclosed above, identify the subjects on which the witness will testify AND the opinions the party expects to elicit.

**ANSWER:**

7.      For each controlled expert witness as defined by Supreme Court Rule 213(f)(3) disclosed above, identify: (i) the subject matter on which the witness will testify; (ii) the conclusions and opinions of the witness and the bases therefore; (iii) the qualifications of the witness; and (iv) any reports prepared by the witness about the case.

**ANSWER:**

8.      Identify each and every report prepared by each and every expert witness listed in Answers to Interrogatory Nos. 4, 6 and 7, and indicate whether said report was submitted in oral form, written form or both. If a written report, statement, or other document was prepared attach a copy of each such report, statement or other document to these answers to interrogatories pursuant to Supreme Court Rule 214.

**ANSWER:**

9.      With regard to each expert witness disclosed herein, state whether or not each such witness has examined or inspected the scene of the accident, or any party to this action. If so:

  (a) the date of each such examination, inspection or test and the location where it took place;

  (b) the nature of each such examination or inspection (visual, photographic, microscopic, etc.) Identify the parts, components, pertinencies of the accident site or persons who were examined or inspected; and/or

  (c) the names, addresses and titles of all persons present during such an examination or inspection.

**ANSWER:**

10. Identify all documents provided to each expert witness by counsel.

**ANSWER:**

11. Identify all documents relied upon by each expert witness in reaching each opinion or condition.

**ANSWER:**

12. State the name, author, publisher, page(s), and date of publishing of all texts, articles, journals or medical literature upon which said expert witness(es) relies.

**ANSWER:**

13. State the name, author, publisher, page(s), and date of publishing of all texts, articles, journals or medical literature which plaintiff intends to use at the trial of this matter in the cross-examination of any plaintiff's expert.

**ANSWER:**

14. Set forth with particularity the qualifications of each expert witness identified in Answer to Interrogatory No. 4 and attach a current curriculum vitae of each such witness pursuant to Supreme Court Rule 214.

**ANSWER:**

15. Were any photographs taken by Defendant of the scene of the occurrence or of the persons or instrumentality involved? If so, state the date or dates on which such photographs were taken and the subjects thereof.

**ANSWER:**

16. Do you have statements from any witness or party other than yourself? If so, give the name, address, and phone number of each such witness or party, the date of said statement, and state whether such statement was written or oral.

**ANSWER:**

17. List the names, addresses and phone numbers of all persons, other than yourself and persons heretofore listed or specifically excluded, who have knowledge of the facts of said occurrence or of the injuries and damages following therefrom.

**ANSWER:**

18. Identify any reports of damage to the entryway, sidewalk, and parking lot in front of the Store for a three-year period prior to and, if applicable, after November 17, 2005. If the sidewalk, entryway and/or parking lot were repaired, when was it repaired, by whom, and what was the cost of the repairs?

**ANSWER:**

19.    Identify any reports, written statements, claims, lawsuits, or documents generated with respect to any other occurrences resulting in customer injuries at the Store for a three-year period prior to and after November 17, 2005. State the outcome of any such claim.

**ANSWER:**

20.    Identify any violation notices received for violations of State, County or Village ordinances, and/or statutes during the three-year period prior to and after November 17, 2005 at the Store. Identify the outcome of each such violation.

**ANSWER:**

## REQUESTS TO PRODUCE

1.    The statements, oral and written, of all parties given to some person or entity other than their attorney.

2.    The statements, oral and written, of all individuals who have any knowledge of the occurrence alleged in the Complaint or the damages following therefrom.

3.    All photographs, videotapes, slides, x-rays, motion pictures, diagrams or sketches taken of the Plaintiff, the physical objects involved in the occurrence alleged in the Complaint or of the scene of the alleged occurrence both before and after the alleged occurrence, up to the present.

4.    All investigative, accident, incident, police or other reports pertaining to the alleged occurrence.

5.    All data as to any insurance policies, policy limits or explanation of benefits issued to the defendants by his or their insurer.

6.    Any and all employment records of employees of the defendants working at the Store on the date of the occurrence, including, but not limited to, applications for employment, letters of reference, evaluation reports, time records, driving records, accident reports, medical reports, and medical claims records.

7.    All documents referred to in Defendant's Answers to Interrogatories.

8. The names, addresses, employment, specialty and curriculum vitae of all opinion witnesses who may be called as witnesses.

9. All reports, opinions, conclusions or summaries, and any and all other documentation from all opinion witnesses listed above.

10. All contracts, agreements, correspondence, memoranda, purchase and production orders, receipts, bills of lading, diagrams, sketches, blueprints, specification sheets, shop drawings, delivery schedules, and other documents which relate to the occurrence as alleged in the Complaint.

11. All records, books, photographs, correspondence, letters, papers, drafts, medical reports, accident reports, investigative reports, correspondence and any other documents of any kind whatsoever pertaining to claims made by parties to this lawsuit.

12. Any and all reports, memoranda, correspondence, bills, invoices, and other documents of any type or kind, from any person, partnership, corporation, or other entity, who examined, inspected, tested, performed maintenance, performed repairs, or performed modifications of any type to the vehicle involved in the occurrence.

13. All business records obtained by you through discovery or investigation including those produced to you by others in this cause.

14. All deposition exhibits.

15. All trial exhibits.

16. A copy of any periodical, text, handbook, standard, code, government publication, industry publication, engineering or architectural publication, or other purportedly authoritative written work or document or standard which may be used or intended to be used to examine or cross-examine parties, employees, opinion witnesses or witnesses of the Plaintiff(s) or Defendant(s) which may be used or intended to be used in support of or to impeach testimony or evidence.

17. Any and all notes, diaries, calendars, or other writings prepared by or on behalf of the defendant and pertaining to the events, injuries, or the occurrence alleged in the Complaint.

18. All articles, treatises, books, texts, literature records, charts, tests, writings, data, standards, guidelines, by-laws, rules and regulations, statutes, investigations and other documents that may be used at any deposition of this cause or at the trial of this cause.

19. All articles, treatises, books, texts, literature, records, charts, tests, writings, data, standards, guidelines, by-laws, rules and regulations, statutes, investigations and other documents that support any allegation made by or against the defendant.

20. Copies of any and all correspondence to each opinion witness from counsel for Defendant or other agents of the Defendant.

21. Copies of any and all letters, reports or other writings to Defendant counsel or other agents of the Defendant from each opinion witness.

22. Copies of all notes or other writings generated by each opinion witness regarding his/her review, whether or not delivered to Defendant, including complete billing records.

23. Copies of all transcripts of deposition or trial testimony of each opinion witness disclosed by any party to this action known to exist or in the possession or control of Defendant, Defendant's counsel, or other agents of the Defendant.

24. All correspondence between or among the parties of this lawsuit.

Dated: November 13, 2007

CARMEL PRENDERGAST

By: _____
One of her Attorneys

James R. Pittacora
Elizabeth S. Stevens
**PITTACORA & CROTTY, LLC**
9550 W. Bormet Drive, Suite 205
Mokena, Illinois 60448
(708) 390-2800
(708) 390-2801 – Facsimile
Atty Id. 41533