IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARMEL PRENDERGAST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No.  07-CV-06749 |
| | ) |
| KOHL'S DEPARTMENT STORES, INC. | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT, KOHL'S DEPARTMENT STORES, INC.'S
### MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendant, Kohl's Department Store, Inc., (hereinafter "Defendant" or "Kohl's"), by counsel, Segal McCambridge Singer & Mahoney, pursuant to FED. R. CIV. P. 56(b), hereby moves for summary judgment on Plaintiff's Complaint at Law, and in support thereof states as follows:

#### INTRODUCTION

This premises liability lawsuit involves an alleged slip and fall by Plaintiff Carmel Prendergast on the concrete sidewalk in front of the Kohl's store located in Orland Park, Illinois. The focus of this motion is a small subset of facts and the context is quite clear. Plaintiff failed to produce evidence establishing that any defect whatsoever existed in the concrete sidewalk at issue or that any alleged defect caused her fall. The crux of Plaintiff's case is simply her allegation, unsupported by evidence, that a round patched area of concrete sidewalk in front of the Kohl's store was "rough" or "coarse" to the touch and thereby caused her to fall. These allegations are evidenced by nothing more than Plaintiff's own subjective characterizations. Here, Plaintiff's mere characterization of the area where she fell as "rough" is insufficient to establish that an actionable defect existed and was the cause of Plaintiff's injuries.

1

Notwithstanding Plaintiff's failure to produce evidence that any defect existed, the alleged "rough" patched area of concrete falls squarely within the *de minimis* exception under well-established Illinois case law, and therefore Kohl's cannot be held liable. Under the *de minimis* rule, the owner or occupier is not an "absolute insurer of the safety of an invitee." *Hartung v. Maple Investment & Development Corp.*, 612 N.E.2d 885, 889 (Ill. Ct. App. 1993). Therefore, "slight defects frequently found in traversed areas are not actionable as a matter of law." *Id*. at 888. Critically, Plaintiff herself confirmed that the concrete sidewalk at issue was a level surface, not raised or uneven. *See* Ex. C, Pl.'s Dep., at 98:18-19; 112:12. Additionally, Kohl's Manager Darryl Smith also testified that there was no unevenness or elevation difference in the concrete area at issue. *See* Ex. D, Darryl Smith Dep., at 38:7-11; 57:17-21. Plaintiff's subjective evaluation of the concrete as "rough" is clearly insufficient to establish that even a *slight* defect existed, let alone an *actionable* one. As such, Kohl's is entitled to summary judgment as a matter of law.

Alternatively, even assuming *arguendo,* for purposes of summary judgment only, that Plaintiff's mere subjective characterization of the concrete area was sufficient to constitute an actionable defect, which Kohl's expressly denies, summary judgment is nevertheless appropriate because the area at issue was an open and obvious condition. As Plaintiff stepped out of the car, she admittedly saw the "plainly visible" alleged "rough patch of cement" on the sidewalk in front of her. *See* Ex. C, Pl.'s Dep., at 98:6-14; 112:14-16; 117:2; 143:23. Kohl's owed no legal duty to Plaintiff in regard to the condition at issue because it was unquestionably open and obvious to the Plaintiff.

For the reasons outlined below, summary judgment is entirely appropriate and necessary in a case such as this where no genuine issue of material fact exists and Defendant is entitled to

judgment as a matter of law. In fact, this Court has had many occasions to use the vehicle of summary judgment in cases involving slip and falls to appropriately dispose of claims in favor of defendants.[1]

### STATEMENT OF UNDISPUTED MATERIAL FACTS

Plaintiff Carmel Prendergast and her husband drove to Kohl's Orland Park store to go shopping around 12:45 p.m. *See* Ex. C, Pl.'s Dep., at 104:7-13. On the date of the incident, it was a clear and sunny afternoon. *See* Ex. C, Pl.'s Dep., at 107:15. Plaintiff testified that she had a clear view of the area in front of her as she exited her vehicle and approached the sidewalk in front of the store. *See* Ex. C, Pl.'s Dep., at 94:10-12. As Plaintiff stepped out of the car, she admittedly noticed the alleged "rough patch of cement" which was "plainly visible" on the sidewalk in front of her. *See* Ex. C, Pl.'s Dep., at 98:6-14; 112:14-16; 117:2; 143:23. Plaintiff described the area as a "pretty big" round "patch" of cement (tan, brown and white in color), several feet wide in diameter, and coarse/rough to the touch. *See* Ex. C, Pl.'s Dep., at 95:3; 96:4-7; 112:14-16; 117:2; 143:23. It is unclear whether or not Plaintiff actually touched the area of cement. *See* Ex. C, Pl.'s Dep., at 98:24; 99:1-3; 115:1-3. Plaintiff confirmed that the pavement was level, not raised or uneven. *See* Ex. C, Pl.'s Dep., at 98:18-19; 112:12.

Plaintiff testified that she "always" looks at the ground to see where she is going, and she

---

[1] *See Reid v. Kohl's Dept. Stores, Inc.*, 2007 WL 2778639 (N.D.Ill.)(granting summary judgment for defendant based on notice and open and obvious doctrine); *Magallon v. The Limited Stores, Inc.,* 1988 U.S. Dist LEXIS 9734 (N.D. Ill.)(granting summary judgment in favor of defendant based on insufficient evidence that floor was negligently maintained); *Carlson v. Wal-Mart Stores, Inc.*, 2007 U.S. Dist LEXIS 94441 (N.D. Ill.)(granting summary judgment in favor of defendant based on insufficient evidence of foreign substance and negligence); *Atkins v. United States*, 1995 U.S. Dist. LEXIS 4451 (N.D.Ill)(granting summary judgment in favor of defendant based on insufficient evidence of the cause of the fall); *Johnson v. United States*, 1999 U.S. Dist. LEXIS 9819 (N.D.Ill.)(granting summary judgment in favor of defendant based on insufficient evidence of negligent placement); *Radovanovic v. Wal-Mart Stores East*, 2006 U.S. Dist LEXIS 4383 (N.D.Ill.)(granting summary judgment in favor of defendant based on natural accumulation rule); *Erkol v. Marshall Field & Co*., 1989 U.S. Dist. LEXIS 2071 (N.D.Ill.)(granting summary judgment in favor of defendant based on insufficient factual support); *Lebron v. Pizza Hut of Am., Inc*., 2004 U.S. Dist. LEXIS 21821 (N.D.Ill.)(granting summary judgment in favor of defendant based on notice doctrine); *Masterson v. Target Corp*., 2007 U.S. Dist. LEXIS 57426 (N.D.Ill.)(granting summary judgment in favor of defendant based on open and obvious doctrine).

was exercising the same practice on the date of the incident as she stepped out of her vehicle. *See* Ex. C, Pl.'s Dep., at 94:13-15; 109:2-10. Nothing obstructed Plaintiff's view of the area in front of her, and she was neither distracted by anything as she approached the sidewalk, nor was she forgetful. *See* Ex. C, Pl.'s Dep., at 109-10. Despite clearly seeing the circular patched when she exited her vehicle, she proceeded to walk directly across it. *See* Ex. C, Pl.'s Dep., at 98:6-14.

Plaintiff claims she took one or two steps, possibly three, and then caught the bottom of her rubber-soled tennis shoe on the "rough" patch of cement. *See* Ex. C, Pl.'s Dep., at 111:20-24; 112:1-9. Plaintiff admits that she did not see what caused her to fall. *See* Ex. C, Pl.'s Dep., at 112:4-6. She simply testified that "if the patch hadn't been there I don't think I would have fallen." *See* Ex. C, Pl.'s Dep., at 113:24; 114:1.

Darryl Smith was the Kohl's Manager on Duty at the time of the incident. *See* Ex. D, Darryl Smith Dep., at 15-16. Mr. Smith photographed the scene after Plaintiff's fall. *See* Ex. D, Darryl Smith Dep., at 23-24. Based on his visual inspection of the area, Mr. Smith testified that there was nothing "noteworthy" about the concrete area which would cause concern. *See* Ex. D, Darryl Smith Dep., at 18:11-14. Mr. Smith confirmed that there was no unevenness or elevation difference in the concrete area. *See* Ex. D, Darryl Smith Dep., at 38:7-11; 57:17-21. When Mr. Smith touched the concrete area, he recalled that "everything was intact and nothing was frayed or jarred that someone could get snagged on or to make someone fall." *See* Ex. D, Darryl Smith Dep., at 58:6-8. Mr. Smith also testified that a witness approached him at the scene and reported that Plaintiff "tripped over her own feet…" *See* Ex. D, Darryl Smith Dep., at 19:11-12.

**LEGAL STANDARD**

I. **SUMMARY JUDGMENT STANDARD**

Although Illinois law applies to the substance of the claims, the federal standard for summary judgment applies. Summary judgment is appropriate where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any materials fact and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (U.S. 1986).

The moving party "bears the initial responsibility of identifying specific facts within the record that demonstrate the absence of a genuine issue of materials fact." *Celotex,* 477 U.S. at 323. Once the movant has carried its burden under Rule 56(c), the party opposing summary judgment may not rest on the pleadings and must instead set forth specific facts showing that there is a genuine issue of material fact in order to defeat judgment. FED. R. CIV. P. 56(e). The mere existence of an alleged factual dispute is not sufficient to defeat a summary judgment motion, the non-movant must present 'definite, competent' evidence to rebut the motion. *Vukadinovich v. Bd. Of Sch. Trs. Of N. Newton Sch. Corp.*, 278 F.3d 693, 699 (7th Cir. 2002). A scintilla of evidence in support of the non-moving party's position is not sufficient to defeat summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (U.S. 1986). The moving party is entitled to summary judgment if the non-moving party "fail[s] to make a sufficient showing on an essential element" of the case on which it has the burden of proof." *Celotex,* 477 U.S. at 323.

## II.    STANDARD OF LAW – SUFFICIENCY OF EVIDENCE

It is not required under Illinois law that a Plaintiff prove her case at the summary judgment stage of the proceedings, but "[Plaintiff] does have to present some factual support that would entitle her to a judgment under Illinois law." *Erkol v. Marshall Field & Co.*, 1989 U.S. Dist. LEXIS 2071, *10 (N.D.Ill.)(Hart, J.). In other words, "[l]iability cannot be predicated upon surmise or conjecture as to the cause of the injury; proximate cause can only be established when there is a reasonable certainty that defendant's acts caused the injury." *Kimbrough v. Jewel Cos.*, 92 Ill. App. 3d 813, 817 (Ill. Ct. App. 1981). Furthermore, a plaintiff is required to offer more than just "subjective verbal characterizations" as proof of a defect or negligence. *Erkol*, 1989 U.S. Dist. LEXIS 2071, *3.

## III.   STANDARD OF LAW – DUTY OF BUSINESS OWNER

Under Illinois law, where the evidence demonstrates a duty, breach, and proximate cause, the injured party may recover under a theory of negligence. *Ward v. K Mart Corp.*, 554 N.E.2d 223, 226 (Ill. 1990). Whether or not a duty of care exists is a question of law, and thus is an appropriate issue to be decided on a motion for summary judgment. *Green v. Jewel Food Stores, Inc.*, 799 N.E.2d 740, 742 (Ill. App. Ct. 2003).

Traditionally, the owner of a business owes a duty to invitees such that the "operator of a business, though not an insurer of his customer's safety, owes to his invitees a duty to exercise reasonable care to maintain his premises in a reasonably safe condition for use by invitees." *Ward*, 554 N.E.2d at 227. The imposition of a duty under Illinois law requires consideration of four factors: (1) the foreseeability that the defendant's conduct will result in injury to another; (2) the likelihood of the injury; (3) the burden of protecting against injury; and (4) the consequences of placing that burden on defendant. *Curatola v. Village of Niles*, 608 N.E.2d 882,

888 (Ill. 1993). The imposition of a legal duty "requires more than a mere possibility of occurrence." *Hartung*, 612 N.E.2d at 887.

### IV.   STANDARD OF LAW - *DE MINIMIS* EXCEPTION

Illinois law provides some exceptions to the general duty rule that may relieve a premises owner of liability under certain circumstances. One such exception is the *de minimis* rule. The underlying principle of the *de minimis* rule is that an owner or occupier of a premises must maintain the premises in a reasonably safe condition, but the owner or occupier is not an "absolute insurer of the safety of an invitee." *Id*. at 889. Therefore, "slight defects frequently found in traversed areas are not actionable as a matter if law." *Id*. at 888. The rationale behind the rule is that "to require private landowners to monitor sidewalks and to maintain them perfectly at all times seems…harsh and impracticable." *Id*. at 889-90.

In determining what constitutes a slight defect, Illinois courts turn to the specific facts of a case and do not follow a blanket rule or guideline. Rather, the inquiry is whether the owner or occupier exercised reasonable care to "avoid creating an unreasonable risk of harm." *Id*. at 889. However, courts take into account that "extreme and changeable weather conditions in Illinois are such that slight variations in sidewalk elevations are to be expected…" *Id*. Established Illinois case law indicates that defects with a height differential of less than two inches where no aggravating circumstances are present trigger the *de minimis* rule and are not actionable. *Id*. at 888.

### V.   STANDARD OF LAW - OPEN AND OBVIOUS EXCEPTION

Another exception to the general duty rule is that "persons who own, occupy and maintain land are not ordinarily required to foresee and protect against injuries from potentially dangerous conditions that are open and obvious." *Bucheleres v. Chicago Park Dist.*, 665 N.E.2d

7

826, 832 (Ill. 1996). The open and obvious nature of the condition itself provides notice to the invitee to proceed cautiously. *Id.*

"Obvious" denotes that both the condition and the risk are apparent to and would be recognized by a reasonable person, exercising ordinary perception, intelligence, and judgment. RESTATEMENT (SECOND) OF TORTS, § 343A, comment B, at 219 (1965); *Deibert v. Bauer Bros. Const. Co.,* 566 N.E.2d 239, 241 (Ill. 1990).

<u>**ARGUMENT**</u>

I. <u>**NO DEFECT IN THE CONCRETE SIDEWALK EXISTED FOR WHICH KOHL'S COULD BE FOUND LIABLE**</u>

Plaintiff failed to produce evidence establishing that any defect whatsoever existed in the concrete sidewalk at issue or that any alleged defect caused her fall. As such, summary judgment in favor of Kohl's is appropriate. As stated above, a plaintiff must show some factual support beyond speculation and conjecture that defendant's acts caused the injury. *Kimbrough*, 92 Ill. App. 3d at 817. Neither the mere fact that a condition existed nor a plaintiff's "subjective verbal characterizations" is enough to establish negligence. *Erkol*, 1989 U.S. Dist. LEXIS at *2-3.

The *Erkol* case decided by this Court illuminates the factual support issue and provides facts indicating a similar analysis should be applied in the present cause of action. That case involved a plaintiff who slipped on an area of a premises which she claimed in her complaint and during discovery was "overly waxed." *Id*. at *1, 3. The plaintiff's daughter also characterized the area as "slippery." *Id*. at *3. Plaintiff offered no other proof of negligence aside from her subjective characterizations. *Id.*

In granting summary judgment in favor of the defendant premises owner, this Court held that "in Illinois, the mere fact that that a floor is waxed does not establish negligence" and that

8

"the plaintiff in a slip and fall case must offer more proof of improper waxing than just subjective verbal characterizations." Id. at *2, 3.

While the present cause of action involves an area of cement rather than an area of waxed flooring, the same principles from *Erkol* should be applied to determine that Ms. Prendergast has not sufficiently established that any defect existed in the sidewalk which was the cause of her injury. Plaintiff's complaint alleges that she "fell on a rough, patched section of cement" in front of Kohl's. *See* Ex. B, Pl.'s Compl., at para. 6. Plaintiff was unable to elaborate much beyond the subjective characterizations in her Complaint during her deposition. Plaintiff repeatedly characterized the cement as "rough." *See, e.g.,* Ex. C, Pl.'s Dep., at 94:22; 98:19; 99:17; 112:13. Plaintiff also testified at one point that she did not reach back and touch the area of cement the day she fell. *See* Ex. C, Pl.'s Dep., at 115:1-3. However, Plaintiff's testimony is conflicting, as she states in another part of her deposition that she did reach back and touch the cement, characterizing it as "rougher than sandpaper." *See* Ex. C, Pl.'s Dep., at 98:24; 99:1-3. She also testified that when she did go back to visit the site of her injury, she never got out of her vehicle. *See* Ex. C, Pl.'s Dep., at 165:15-18. At best it is unclear whether Plaintiff actually touched the cement or not. Plaintiff's deposition testimony indicates that her assessment of the condition in the sidewalk was based on sight alone. Even if this Court assumes that Plaintiff touched the cement, her observations still amounted to no more than her own subjective verbal characterization of the area.

Furthermore, Plaintiff admitted in her deposition that she could not be sure of the cause of her fall:

> Q:   Did you see what caused you to fall before you actually hit the ground?
> A:   No.

*See* Ex. C, Pl.'s Dep., at 112:4-6. When asked about the basis of her assumption that it was the patch of cement that caused her to fall, Plaintiff was only able to testify that "if the patch hadn't been there I don't think I would have fallen." *See* Ex. C, Pl.'s Dep., at 113:24; 114:1. Plaintiff was unable to recall which foot or what part of her shoe allegedly caught on the cement. *See* Ex. C, Pl.'s Dep., at 114:4-21. She also testified that her husband was unsure if he saw the actual fall. *See* Ex. C, Pl.'s Dep., at 125:20-22.

Kohl's Manager Darryl Smith also testified regarding the cement area. He testified that there was nothing "noteworthy" about the area where Ms. Prendergast fell. *See* Ex. D Darryl Smith Dep., at 18:11-14. Furthermore, Mr. Smith testified that one of the witnesses to the scene approached him and said, "Hey, I saw the incident. I saw her fall. She just tripped over her own feet…" *See* Ex. D, Darryl Smith Dep., at 19:11-12.

Like the plaintiff's allegations in *Erkol*, Ms. Prendergast's allegations of a "rough, patched section of cement" are "subjective verbal characterizations" which are wholly insufficient to establish an injury-causing defect. Similarly, like the wax on the floor in *Erkol*, just because a rough area may have been present in the cement does not mean Kohl's was negligent in any way or a cause of the injury. To the contrary, the facts in the record indicate that Plaintiff admits she does not know the exact cause of her injury. Without more, Plaintiff has failed to establish a defect existed which caused her injury. Without factual support of breach and causation, Plaintiff cannot sustain a claim for negligence, and Kohl's is entitled to judgment as a matter of law.

## II.  KOHL'S IS ENTITLED TO SUMMARY JUDGMENT BECAUSE ANY ALLEGED IMPERFECTION IN THE SIDEWALK WAS *DE MINIMIS*

Notwithstanding the above, and in the alternative, the undisputed material facts clearly demonstrate that even if the area of cement where Plaintiff fell constituted an imperfection, Kohl's is relieved from liability since any alleged imperfection in the cement was *de minimis*.

As stated above, the *de minimis* rule bars actions where plaintiffs allege minor defects in sidewalks.[2] *Hartung*, 612 N.E.2d 885. While determining whether a defect is minor enough to be considered *de minimis* is a case-specific inquiry, the facts of the *Hartung* case provide guidance for analysis in the present case.

In *Hartung*, the plaintiff was walking her dog on a sidewalk in front of a liquor store when her foot hit a raised portion of the sidewalk. She fell down and injured herself. *Id*. at 886. At the time of the incident, it was still light out and there was nothing blocking plaintiff's view of the sidewalk. *Id*. She did not know which foot hit the raised portion of the sidewalk, nor did she remember what her legs were doing as she fell. *Id*. at 887.  She did not examine the sidewalk after she fell, but went back at a later date and estimated that the height differential in the sidewalk was between one-half of an inch to three-fourths of an inch. *Id*. The plaintiff in *Hartung* raised no other aggravating circumstances and "specifically attributed her fall to the raised portion of the sidewalk." *Id*. at 888. In granting defendant store owner's motion for summary judgment, the court held that "the defect here cannot be the basis of a negligence action as a matter of law since the defect was, by plaintiff's own estimate, only one-half to three-fourths of an inch high." *Id*.

---

[2] While the *Hartung* case deals with inequalities in level between two slabs of concrete, the *de minimis* rule governs a variety of minor defects that could be found on a sidewalk or other walkways. *See, e.g., Arvidson v. Elmhurst*, 145 N.E.2d 105, 106 (Ill. 1957)("slight inequalities in level, *or other minor defects frequently found in traversed areas*, are not actionable.")(emphasis added). *See also Glass v. City of Chicago*, 751 N.E.2d 141, 146 (Ill. Ct. App. 2001)(suggesting a hairline crack in a sidewalk would be *de minimis*).

11

Many of the facts of *Hartung* are similar to the present cause of action. Like the conditions in *Hartung*, Ms. Prendergast testified that it was bright and sunny outside and that there was nothing obstructing her view of the area. *See* Ex. C, Pl.'s Dep., at 107:15; 109-10. Also similarly, Ms. Prendergast is unable to recall which foot hit the rough patch of cement or what part of her shoe caught. *See* Ex. C, Pl.'s Dep., at 114:4-21. Furthermore, like the plaintiff in *Hartung*, Ms. Prendergast did not closely examine the area after her fall, but went back at a later date at which point she never left her vehicle. *See* Ex. C, Pl.'s Dep., at 115:1-3; 165:15-18.

The facts of *Hartung* that are NOT similar to the present cause of action weigh even more in favor of this Court granting Defendant's motion for summary judgment. In *Hartung*, a height differential of one-half to three-fourths of an inch was not significant enough to constitute a defect outside the *de minimis* standard. In Ms. Prendergast's case, there was **NO** height differential at all. Plaintiff herself testified twice in her deposition that the pavement was not raised. *See* Ex. C, Pl.'s Dep., at 98:18-19; 112:12.

Kohl's Manager Darryl Smith, who actually touched the concrete area on the day of the incident, also testified about his observance. He testified that "as far as concrete goes, there was no unevenness that caused for alarm. Everything when I felt it, felt like the gritty sand paper that concrete feels like, but nothing uneven." *See* Ex. D, Darryl Smith Dep., at 38:7-11.  When specifically asked about any height differential in the concrete, Mr. Smith affirmed there was none:

> Q:   Okay. There was no difference in elevation between the area that plaintiff's counsel referred to as the patched area and the surrounding pavement area?
> A:   Correct.

*See* Ex. D, Darryl Smith Dep., at 57:17-21. Upon touch, Mr. Smith testified that "everything was intact and nothing was frayed or jarred that someone could get snagged on or to make someone fall." *See* Ex. D, Darryl Smith Dep., at 58:6-8.

The undisputed material facts in the present case establish that no height differential existed as to the area of concrete over which Plaintiff claims to have tripped. As such, any imperfection that existed in the concrete was so minor as to be considered *de minimis*. Accordingly, Plaintiff's claim is not actionable, and Kohl's is entitled to summary judgment as a matter of law.

### III. KOHL'S IS ENTITLED TO SUMMARY JUDGMENT BECAUSE THE AREA OF THE SIDEWALK WHERE PLAINTIFF FELL WAS AN OPEN AND OBVIOUS CONDITION

Furthermore, even if this Court were to find that an imperfection existed in the sidewalk that was not *de minimis*, the undisputed material facts clearly demonstrate that the area of cement where Plaintiff fell was an open and obvious condition for which Kohl's owed no legal duty to protect against.

Illinois courts have ruled in cases representing a large array of hazards and ultimately deemed the conditions to be "open and obvious." In *Pageloff v. Gaumer*, 849 N.E.2d 1086 (Ill. App. Ct. 2006), the appellate court affirmed summary judgment for a campground owner against a plaintiff who slipped a fell on a walnut on the owner's premises. The court held that the walnut was an open and obvious danger. *Id.* at 1089. "[T]he law generally considers the likelihood of injury slight when the condition at issue is open and obvious because it is assumed that the person encountering the potentially dangerous condition will appreciate and avoid the risks." *Id.* at 1088. "In contrast, if a danger is concealed or latent, rather than open and obvious, the

likelihood of injury increases because people will be not be as readily aware of such latent danger." *Id.* (citing *Bucheleres v. Chicago Park Dist.*, 665 N.E.2d 826 (Ill. 1996).

In the case at bar, Plaintiff claims she fell on a rough patch of cement as she attempted to enter Kohl's. However, Plaintiff testified during her deposition numerous times that the "rough patch" was "plainly visible." *See* Ex. C, Pl.'s Dep., at 112:14-16; 117:2; 143:23. She indicated that the area of cement was "pretty big," measuring between one and five feet wide. *See* Ex. C, Pl.'s Dep., at 95:3; 96:4-7. She also indicated that the tan and brown coloring of the patch made it even more visible to her. *See* Ex. C, Pl.'s Dep., at 112:14-16; 117:2; 143:23. Furthermore, the photographs produced during discovery show that the patched area of cement was clearly visible. *See* Ex. E, Photographs.

Plaintiff further testified that she "always" looks at the ground to see where she's going, and that she was exercising this practice on the day of the incident. *See* Ex. C, Pl.'s Dep., at 94:13-15; 109:2-10. Plaintiff even admitted that she noticed the patched cement area when she exited her vehicle and yet still continued to proceed across it:

> Q: So the first time that you noticed the rough patch of cement is when you got out of the car when you were dropped off?
> A: Right.
> Q: After you noticed it you continued to walk across it to get into the entrance of this store?
> A: I just proceeded, yes.

*See* Ex. C, Pl.'s Dep., at 98:6-14.

Plaintiff testified that the weather conditions on the day of her fall were sunny and clear. *See* Ex. C, Pl.'s Dep., at 107:15. There was nothing obstructing her view as she stepped out of her car or diverting her attention. She was neither distracted nor forgetful at the time. *See* Ex. C, Pl.'s Dep., at 109-10. Therefore, the exceptions to the open and obvious rule are inapplicable in the instant case.

14

If a small walnut on a campsite constituted an open and obvious condition in *Pageloff*, surely a plainly visible, one to five foot wide patch of tan and brown cement of which Plaintiff was aware would meet the open and obvious standard. Plaintiff's disregard for the obvious condition was the direct cause of her injuries. By noticing the condition and proceeding to encounter it, it is clear that Plaintiff is responsible for the injuries she sustained. Since Kohl's owes no duty to protect against open and obvious conditions, summary judgment in favor of Kohl's should be granted.

## CONCLUSION

Liability cannot attach where there are no facts that support any defect or injury causing conduct on the part of a defendant. Furthermore, a premises owner or occupier is not an "absolute insurer of the safety of an invitee." *Hartung*, 612 N.E.2d at 889. Accordingly, for the reasons set forth above, this Court should grant summary judgment to Defendant Kohl's Department Stores, Inc.

    Respectfully submitted,

    Segal McCambridge Singer & Mahoney, Ltd.


    By: s/ Nancy S. Woodworth
       Nancy S. Woodworth, #6288723
       One of the Attorneys for Defendant,
       Kohl's Department Stores, Inc.

Steven A. Hart, Esq. #6211008
Nancy S. Woodworth, Esq. #6288723
SEGAL MCCAMBRIDGE SINGER & MAHONEY, LTD.
Sears Tower – Suite 5500
233 S. Wacker Drive
Chicago, IL 60606
(312) 645-7800
(312) 645-7711